UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CRIMINAL ACTION NO. 1:14-CR-00022-GNS

UNITED STATES OF AMERICA                                          PLAINTIFF

V.

CRYSTAL G. HULLETT                                              DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's Objections (DN 42) to Magistrate Judge Brennenstuhl's Report and Recommendation (DN 41) as to Defendant's Motion to Suppress (DN 25). For the following reasons, the Court **ADOPTS** Magistrate Judge Brennenstuhl's Report and Recommendation and **OVERRULES** Defendant's Objections.

### I.        STATEMENT OF FACTS AND ISSUES

Defendant Crystal G. Hullett ("Hullett") is charged with five counts of wire fraud in violation of 18 U.S.C. § 1343, and five counts of aggravated identity theft in violation of 18 U.S.C. §§ 1028A(a)(1) and (c)(5). (Superseding Indictment, DN 26). These charges arise from Hullett's alleged theft of money from an elderly woman while Hullett was working for Home Instead, a senior care provider. (Suppression Hr'g Tr. 45:12-46:1, May 7, 2015, DN 38).

As part of the criminal investigation triggered by the victim's report of funds missing from her bank account, Detective Kenneth Edmonds ("Edmonds") of the Russellville Police

1

Department interviewed Hullett after she went to the police station. Edmonds' only involvement in this matter was limited to his interview of Hullett. (Suppression Hr'g Tr. 6:18-24).

On March 17, 2015, Hullett moved to suppress evidence of all incriminating statements that she gave to law enforcement during the interview on the basis that the statements were made involuntarily and obtained in violation of her *Miranda* rights. (Def.'s Mot. to Suppress 1, 3, DN 25). Pursuant to 28 U.S.C. § 636(b)(1)(A), the Court referred the motion to suppress to Magistrate Judge Brennenstuhl for a recommended disposition.

On May 7, 2015, Magistrate Judge Brennenstuhl held an evidentiary hearing on Defendants' motion. During the hearing, the prosecution proffered Edmonds' testimony as to how he conducted the interview and obtained a waiver of Hullett's *Miranda* rights. (Suppression Hr'g Tr. 3:17-22:1; Suppression Hr'g Gov't Ex. 1). In addition, the prosecution played the video of Hullett's interview, which included Edmonds showing Hullett's executed waiver to the camera. (Suppression Hr'g Tr. 15:18-19; Suppression Hr'g Gov't Ex. 2). Hullett neither called any witnesses nor presented any evidence. (Suppression Hr'g Tr. 42:13-14).

In his recommended disposition, Magistrate Judge Brennenstuhl found that Edmonds had read the *Miranda* rights to Hullett and that she signed and initialed the document acknowledging that she understood her rights. (Report & Recommendation 2). In addition, Hullett executed a written waiver of her *Miranda* rights, which was witnessed by Edmonds and Jennifer Wood. (Suppression Hr'g Tr. 15:12-21). While initially denying any involvement in the disappearance of the funds from the victim's bank account, Hullett eventually acknowledging wrongdoing after Edmonds told her multiple times that she would be going to jail if she were not honest with him. (Report & Recommendation 2; Suppression Hr'g Tr. 19:8-15). As Edmonds testified, Hullett

2

was not arrested after the interview and has not been arrested relating to the allegations in this case.  (Report & Recommendation 3; Suppression Hr'g Tr. 19:19-23).

Based upon the evidence presented at the hearing, Magistrate Judge Brennenstuhl recommended finding that the prosecution had met its burden to show that Hullett had knowingly and voluntarily waived her *Miranda* rights.  (Report & Recommendation 3-4.  The Report also recommended that this Court conclude that Hullett's incriminating statements were voluntarily offered and were not obtained by coercion.  (Report & Recommendation 4-7).  Hullett then objected to the Report and Recommendation.

## II.  <u>STANDARD OF REVIEW</u>

In *United States v. Curtis*, 237 F.3d 598 (6th Cir. 2001), the Sixth Circuit articulated the proper standard of review of objections to a ruling or recommendation by a magistrate judge and stated:

> [Section] 636(b) creates two different standards of review for district courts when a magistrate court's finding is challenged in district court.  A district court shall apply a "clearly erroneous or contrary to law" standard of review for the "nondispositive" preliminary measures of § 636(b)(1)(A).  Conversely, "dispositive motions" excepted from § 636(b)(1)(A), such as motions for summary judgment or *for the suppression of evidence*, are governed by the *de novo* standard.

*Id.* at 603 (emphasis added) (citations omitted).

## III.  <u>DISCUSSION</u>

In her objections, Hullett maintains that:  (i) the prosecution failed to meet its burden to show that she was properly advised of her *Miranda* rights and that she knowingly and voluntarily waived those rights; and (ii) law enforcement coerced Hullett into confessing and the coercion was sufficient to overcome the will of Hullett.  (Def.'s Objections to Report & Recommendation 2-3).  The Court has conducted a *de novo* review of the transcript of the suppression hearing and

Magistrate Judge Brennenstuhl's recommended disposition.  Based upon this Court's review, it fully agrees with and will therefore adopt the Report and Recommendation.

While Hullett essentially argues that her executed waiver of her *Miranda* rights is *per se* invalid because Edmonds' review of those rights with her was not videotaped, she provides no legal authority to support this objection.  The Court agrees with the recommended conclusion that the prosecution met its burden to show that she knowingly and voluntarily waived her *Miranda* rights.  Edmonds' uncontradicted testimony indicated that he obtained Hullett's consent to questioning and that he advised her verbally and in writing of her *Miranda* rights. (Suppression Hr'g Tr. 9:22-13:21).  Edmonds testified that Hullett executed the waiver of her *Miranda* rights, and in the videotape of the interview Edmonds shows the executed wavier to the camera and Hullett acknowledges executing it.  (Suppression Hr'g Gov't Ex. 2).  Thus, the prosecution met its burden by proving that Hullett was advised of her *Miranda* rights and that she understood those rights.

Likewise, the Court agrees with the recommended conclusion that the confession was voluntary and that Hullett's will was not overborne.  For a confession to be involuntary due to police coercion, a court must find:  "(i) the police activity was objectively coercive; (ii) the coercion in question was sufficient to overbear the defendant's will; and (iii) the alleged police misconduct was the crucial motivating factor in the defendant's decision to offer the statement." *United States v. Johnson*, 351 F.3d 254, 261 (6th Cir. 2003) (quoting *United States v. Mahan*, 190 F.3d 416, 422 (6th Cir. 1999)) (internal quotation marks omitted).  Courts are to consider the totality of the circumstances in analyzing this issue, and relevant factors "include the age, education, and intelligence of the accused; whether the accused has been informed of his constitutional rights; the length of the questioning; the repeated and prolonged nature of the

questioning; and the use of physical punishment, such as the deprivation of food or sleep." *Ledbetter v. Edwards*, 35 F.3d 1062, 1070 (6th Cir. 1994) (citing *Schneckloth v. Bustamonte*, 412 U.S. 218, 226 (1973)).

The Court concludes that Hullett's objection relating to coercion lacks merit. "[A] threat of arrest or prosecution may be coercive, however, only where the threat could not have been 'lawfully executed.'"[1]   *United States v. Sanchez-Diaz*, No. 1:09-cr-56, 2013 WL 1809818, at * 10 (E.D. Tenn. Apr. 29, 2013) (citation omitted).  As noted in the Report and Recommendation, Edmonds had probable cause to arrest Hullett at the time of the interview due to admitted unauthorized transactions using the victim's funds.  (Report & Recommendation 5).  The Court concludes that law enforcement would not have acted wrongfully if Hullett had been arrested and it was not objectively coercive.  Thus, there is insufficient evidence to conclude that Hullett's statements were involuntarily made.

While Hullett's status as a single mother and her limited prior interaction with law enforcement are factors in determining whether Hullett's will could be overborne, the Magistrate Judge correctly noted that these factors are merely considerations and not dispositive of the issue of coercion.  (Report & Recommendation 6-7).  Considering these factors in light of the evidence presented at the hearing, the Court concludes that there is insufficient evidence to support the conclusion that Hullett's will was overborne by Edmonds' actions in the interview.

---

[1] While Hullett's points out an incorrect citation in the Report and Recommendation in support of her objections, the principle that an arrest is only coercive when the arrest cannot be lawfully executed is supported by the decision in *United States v. Johnson*.  *See Johnson*, 351 F.3d at 263 ("Therefore the question whether the threat to prosecute Tracy was coercive turns on the issue of whether the threat could have been lawfully executed.").

## IV.   <u>CONCLUSION</u>

For the foregoing reasons, **IT IS HEREBY ORDERED AND ADJUDICATED** that the Report and Recommendation of the United States Magistrate Judge (DN 41) is **ACCEPTED AND ADOPTED IN ITS ENTIRETY**, and Defendant's Objections (DN 42) are **OVERRULED**.

**Greg N. Stivers, Judge**
**United States District Court**
July 15, 2015

cc:     counsel of record

6